# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | | |
|---|---|---|
| Rebecca Hanson and Joyce Viall, | ) | Case No: 1:18-cv-00032 |
| Plaintiffs, | ) | |
| vs. | ) | **SCHEDULING / DISCOVERY PLAN** |
| Continental Resources, Inc. | ) | |
| Defendant. | ) | |

Pursuant to Rule 26(f), counsel for the parties certify that on April 16, 2018, they conferred by telephone to discuss the nature and basis of their clients' claims and defenses, the possibilities for prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1. The parties shall make their Rule 26(a)(1) disclosures by **May 15, 2018** and will supplement disclosures as new information becomes available. The parties agree that they will make simultaneous Rule 26(a)(1) disclosures of the information required by the Rule.

2. The issues on which the parties need to conduct discovery are all claims and defenses set forth in the pleadings.

3. The parties shall have until **December 21, 2018** to complete fact discovery and to file discovery motions.

4. The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows:

a. Plaintiffs shall serve disclosures by **November 21, 2018**. Defendant's rebuttal to Plaintiffs' disclosure is due **December 21, 2018**.

b. Defendant shall serve disclosures by **January 7, 2019.** Plaintiffs' rebuttal to Defendant's disclosure is due **February 6, 2019**.

(Reports to be served on other parties, but not filed with the court.)

5. The parties shall have until **March 8, 2019** to complete discovery depositions of expert witnesses.

6. The parties shall have until **October 24, 2018** to move to join additional parties.

7. The parties shall have until **October 24, 2018** to move to amend pleadings to add claims or defenses.

8. The parties shall have until **September 24, 2018** to file other non-dispositive motions (e.g., consolidation, bifurcation).

9. The parties shall have until **July 30, 2018** to file threshold motions (e.g. jurisdiction, qualified immunity, statute of limitations). Discovery shall not be stayed during the pendency of such motions.

10. The parties shall have until **April 22, 2019** to file other dispositive motions (summary judgment as to all or part of the case).

11. Each party shall serve no more than **25 interrogatories**, including subparts. No broad contention interrogatories (i.e., "List all facts supporting your claim that . . .") shall be used.

12. Each side shall take no more than **10 discovery depositions**.

13. Depositions taken for presentation at trial shall be completed **30 days** before trial.

14. Counsel have discussed between themselves and explored with their client(s) early involvement in alternative dispute resolutions. The following option(s) would be appropriate in this case:

    _____ arbitration

    __X__ mediation (choose one):

        _____ private mediator

        __X__ court-hosted early settlement conference-should the conference be held before a judge who will not be the trial judge?

            __X__ yes

            _____ doesn't matter

    _____ early neutral evaluation before (choose one):

        _____ judge other than trial judge

        _____ neutral technical expert

        _____ neutral attorney

        _____ other (specify)

        _____ none (explain reasons) _____.

The parties shall be ready to evaluate the case for settlement purposes by **July 2, 2018**. (If an ADR option other than a court-hosted settlement conference is chosen, counsel shall designate one of themselves to report back to the magistrate judge that the ADR effort was completed and whether or not it was successful). The court reminds the parties that early involvement in ADR is

voluntary, not mandatory. Participation in ADR is encouraged by the court but is not required except for a settlement conference shortly before trial.

15. A mid-discovery status conference would be helpful in this case. An appropriate time for the conference would be <u>August 2018</u>.

16. The parties <u>will not</u> voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

17. Trial in this case will be <u>jury</u>.

18. The estimated length of trial is <u>2-3 days</u>.

Dated this 18th day of April, 2018.

BRAATEN LAW FIRM

By: /s/ Derrick Braaten
Derrick Braaten, ND Bar #06394
Beriah Smith, ND Bar #08537
109 N. 4th St., Ste. 100
Bismarck, ND 58501
Phone: 701-221-2911
Fax: 701-221-5842
derrick@braatenlawfirm.com
beriah@braatenlawfirm.com

*Attorneys for Plaintiffs*

Dated this 18th day of April, 2018.

                FREDRIKSON & BYRON, P.A.

                By: /s/ Lawrence Bender
                    Lawrence Bender, ND Bar #03908
                    Danielle M. Krause, ND Bar #06874
                    1133 College Drive, Ste. 1000
                    Bismarck, ND 58501-1215
                    lbender@fredlaw.com
                    dkrause@fredlaw.com
                    (701) 221-8700

                    *Attorneys for Defendant*
                    *Continental Resources, Inc.*

63784591.2

# ORDER

The court adopts the parties' scheduling and discovery plan without any additions or modifications.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2018.

*/s/ Charles S. Miller, Jr.*
Chares S. Miller, Jr., Magistrate Judge
United States District Court
